IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-7430

Summary Calendar
_____

JOHN BOYD,

Plaintiff-Appellant,

v.

NEAL B. BIGGERS, JR., ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

(August 26, 1994)

Before KING, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:

Mississippi State Penitentiary inmate John L. Boyd appeals the district court's dismissal with prejudice of his pro se and in forma pauperis § 1983 complaint. We affirm as to two defendants based on the doctrine of absolute immunity, and as to the remaining defendants based on the Supreme Court's recent decision in Heck v. Humphrey, 114 S. Ct. 2364 (1994)

I. BACKGROUND

On January 8, 1981, John L. Boyd (Boyd) and his cousin, Johnny B. Boyd, were charged with the murder of Bobby Rogers. In 1981, Boyd was tried, convicted, and sentenced to life imprisonment. The evidence showed that Boyd's cousin fired the fatal shot and that Boyd struck the victim with an axe handle. Before the trial of Boyd's cousin in 1984, new evidence was discovered that supported Boyd's contention that he and his cousin had acted in self-defense. This evidence was admitted at the trial of Boyd's cousin, and he was convicted of the lesser offense of manslaughter and sentenced to twenty years imprisonment. Boyd petitioned for habeas corpus based on the newly discovered evidence, and in 1989 the federal district court granted Boyd's petition and ordered a new trial. We reversed the district court's judgment, reasoning that newly discovered evidence pertaining to the guilt or innocence of a state prisoner cannot support federal habeas corpus relief. Boyd v. Puckett, 905 F.2d 895 (5th Cir.), cert. denied, 498 U.S. 988 (1990).

On August 6, 1991, Boyd used a form designed for prisoner complaints concerning conditions of confinement to file an action pursuant to 42 U.S.C. § 1983 in federal district court alleging inter alia that Judge Neal Biggers (a state judge at the time of the events at issue here), Prosecutor John Young, Ronald Windsor (Boyd's court-appointed counsel), Sheriff Edwin Coleman and Investigator Larry Brinkley conspired to violate his constitutional rights by causing him to be convicted and

sentenced more severely than his cousin.  In the blank left for requested relief, Boyd asked for $10,000 in compensatory damages, $10,000 in punitive damages, $10,000 in mental anguish damages, and "any other relief this Court deems proper and adequate[] in the foregoing matter."  The case was referred to a magistrate judge.  On January 12, 1993, the magistrate judge held a Spears[1] hearing to determine whether a non-frivolous basis for Boyd's § 1983 action existed.  At the Spears hearing, Boyd stated that by filing this suit he was seeking to attack the constitutionality of his state court conviction.

   In a written report filed on January 21, 1993, the magistrate judge recommended that Boyd's claim be dismissed with prejudice.  The magistrate judge concluded that Judge Biggers and Prosecutor Young were absolutely immune from suit under § 1983 for the conduct alleged by Boyd, that Boyd's defense attorney was not a state actor for § 1983 purposes, and that Boyd's allegations against Sheriff Coleman and Investigator Brinkley were merely conclusory and failed to state a claim under § 1983. The magistrate judge also advised Boyd to exhaust his state remedies if he wished to pursue a claim of ineffective assistance against his defense counsel.  On June 18, 1993, the district court adopted the magistrate judge's report and recommendation in its entirety and entered final judgment dismissing Boyd's complaint with prejudice.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

## II. STANDARD OF REVIEW

Although the district court did not expressly state that Boyd's claims were "frivolous" under 28 U.S.C. § 1915(d), we treat the court's determination as a § 1915(d) dismissal because the court dismissed his complaint with prejudice prior to service. Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Dismissal of an in forma pauperis complaint is appropriate if the district court determines that it is frivolous, i.e., that "it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is legally frivolous if it is premised on an "indisputably meritless legal theory." Id. at 327. We review a district court's § 1915(d) dismissal using an abuse of discretion standard. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).

## III. DISCUSSION

### A. HECK V. HUMPHREY

We first consider the impact of Heck v. Humphrey, 114 S. Ct. 2364 (1994), decided during the pendency of this appeal, on the instant case.[2] For reasons that will be explained in Part III.B, infra, we limit our discussion of Heck to the dismissal of Boyd's

---

[2] The Supreme Court applied its decision in Heck to the litigants in that case. Thus, under James B. Beam Distilling Co. v. Georgia, 111 S. Ct. 2439 (1991), we must apply Heck retroactively to the litigants in the instant case. Luce v. First Equip. Leasing Corp. (In re Luce), 960 F.2d 1277, 1281 & n.5 (5th Cir. 1992).

[boyd.008]

4

claims against Windsor, Sheriff Coleman, and Investigator Brinkley.

The facts of Heck are strikingly similar to those presented in the instant case. The § 1983 plaintiff in that case, Roy Heck, was convicted of involuntary manslaughter in Indiana state court and sentenced to a fifteen-year term of imprisonment. Id. at 2368. He filed his § 1983 lawsuit in federal court while his appeal from his conviction was pending in the Indiana courts, alleging that he had been the victim of a conspiracy by county prosecutors and a police investigator to destroy exculpatory evidence and to use an illegal voice identification procedure at his trial. Id. The district court dismissed Heck's § 1983 action because the issues raised in that action directly implicated the legality of Heck's confinement. Id. While Heck's appeal to the Seventh Circuit was pending, the Indiana Supreme Court affirmed his conviction. Id. The Seventh Circuit affirmed the dismissal of Heck's § 1983 action, following the rule that

> [i]f, regardless of the relief sought, the [§ 1983] plaintiff is challenging the legality of his conviction, so that if he won his case the state would be obliged to release him even if he hadn't sought that relief, the suit is classified as an application for habeas corpus and the plaintiff must exhaust his state remedies, on pain of dismissal if he fails to do so.[3]

---

[3] This circuit has long followed the same rule that the Seventh Circuit applied in Heck. Interpreting the Supreme Court's opinions in Wolff v. McDonnell, 418 U.S. 539 (1974), and Preiser v. Rodriquez, 411 U.S. 475 (1973), we concluded that "habeas corpus is the exclusive initial cause of action where the basis of the claim goes to the constitutionality of the state court conviction." Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (5th Cir. 1977) (en banc) (per curiam); see also Meadows v. Evans, 529 F.2d 385, 386 (5th

Heck v. Humphrey, 997 F.2d 355, 357 (7th Cir. 1993), aff'd, 114 S. Ct. 2364 (1994).

Although the Supreme Court affirmed the judgment in Heck, it rejected the analysis employed by the Seventh Circuit and by our court in cases such as Fulford v. Klein, 529 F.2d 377 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (5th Cir. 1977) (en banc) (per curiam), and Meadows v. Evans, 529 F.2d 385 (5th Cir. 1976), adhered to en banc, 550 F.2d 345 (5th Cir. 1977) (en banc) (per curiam), cert. denied, 434 U.S. 969 (1977).  The Court adhered to its "teaching that § 1983 contains no exhaustion requirement beyond what Congress has provided."  Heck, 114 S. Ct. at 2370. The Court agreed, however, that Heck could not proceed with his § 1983 action.  Using the common law tort of malicious prosecution as an analogy to aid in interpretation of § 1983, the Court concluded that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Cir. 1976), adhered to en banc, 550 F.2d 345 (5th Cir. 1977) (en banc) (per curiam), cert. denied, 434 U.S. 969 (1977).  We have strictly applied the Fulford/Meadows doctrine, instructing the district courts not to address the merits of § 1983 claims that must first be exhausted through habeas challenges "even if it plainly appear[s] that [the] § 1983 claims would be foreclosed as a matter of law."  Williams v. Dallas County Comm'rs, 689 F.2d 1212, 1215 n.2 (5th Cir. 1982), cert. denied, 461 U.S. 935 (1983).

Id. at 2372. As the Court remarked a little later in the opinion,

> We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2373-74.

Although the Heck Court rejected part of the reasoning underlying the Fulford/Meadows doctrine, the analysis required by Heck is similar in certain respects to the analysis we have long used in this circuit when a state prisoner brings a § 1983 action in federal district court. Under Heck, when a state prisoner brings a § 1983 action seeking damages, the trial court must first ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence. Id. at 2372. If it would, the prisoner must show that his conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," id. at 2373, in order to state a claim. Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous.

The validity of Boyd's conviction and sentence has yet to be undermined; we proceed to evaluate the claims raised in his § 1983 action to determine whether they challenge the

constitutionality of his conviction or sentence.  We conclude

that they do.  Some of his allegations amount to claims of

ineffective assistance of counsel.  If proved, these claims would

call Boyd's conviction into question under cases such as

Strickland v. Washington, 466 U.S. 668 (1984).  Liberally

construed, his complaint also alleges that Sheriff Coleman and

Investigator Brinkley violated Boyd's rights by withholding

exculpatory evidence obtained during the investigation of Bobby

Rogers' murder.  If proved, these claims would call Boyd's

conviction into question under Brady v. Maryland, 373 U.S. 83

(1963), and its progeny.  Indeed, Boyd stated, "My main thing

about this here, I really wasn't trying to sue nobody about this

here.  I don't want nothing, money or nothing.  I mostly want my

freedom."[4]  We conclude that all of his claims come within the

ambit of Heck and are therefore frivolous under § 1915(d).

The only remaining question is whether the district court

properly dismissed the complaint with prejudice as to Windsor,

Sheriff Coleman, and Investigator Brinkley.  We note that the

district court in Heck dismissed Heck's complaint without

---

[4] It could be argued that Boyd amended his § 1983 complaint at the Spears hearing to request the relief of immediate or speedier release from his incarceration.  This is the very practice held impermissible by the Court in Preiser; as the Court held, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser, 411 U.S. at 500.  As a result, placing such an interpretation on Boyd's statement at the hearing would not change our conclusion:  Boyd's § 1983 action must be dismissed because his claim would then be cognizable only in habeas corpus.

prejudice, Heck, 114 S. Ct. at 2368; the Seventh Circuit affirmed that judgment; and the Supreme Court affirmed the Seventh Circuit's judgment. The question whether the logic of Heck, as distinguished from its result, would permit dismissal with prejudice of a state prisoner's § 1983 action challenging the validity of his conviction or sentence has been settled, albeit without discussion, by another panel of this court in Stephenson v. Reno, --- F.3d ---, slip op. at 5574 (5th Cir. Aug. 8, 1994) (No. 94-30080) (Conference Calendar). The Stephenson panel applied Heck to a federal prisoner who had brought a Bivens[5] action asserting a myriad of alleged constitutional violations in connection with his conviction. Id., slip op. at 5574-75. The district court had adhered to pre-Heck practice, holding the suit in abeyance pending exhaustion of Stephenson's post-conviction remedies. Id., slip op. at 5575. The panel held that Heck applies to Bivens actions just as it does to § 1983 actions, vacated the order holding the suit in abeyance, and remanded the case for dismissal with prejudice. Id., slip op. at 5575-76. Given Stephenson's interpretation of Heck, we must affirm the § 1915(d) dismissal with prejudice of Boyd's § 1983 complaint as to Windsor, Coleman, and Brinkley.

### B. ABSOLUTE IMMUNITY

From the foregoing discussion, it appears that we could also affirm the dismissal of Boyd's claims against Judge Biggers and Prosecutor Young under Heck. We believe, however, that it

---

[5] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

[boyd.008]                                    9

remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity, as did the magistrate judge in the instant case, as a threshold matter in making a § 1915(d) determination. As the Supreme Court has stated, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." Mitchell v. Forsyth, 472 U.S. 511, 525 (1985). Thus, the Court has described immunity as a threshold question, to be resolved as early in the proceedings as possible. See Siegert v. Gilley, 111 S. Ct. 1789, 1793 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Because absolute immunity is properly viewed as "immunity from suit rather than a mere defense to liability," Mitchell, 472 U.S. at 526, it is appropriate for the district courts to resolve the question of absolute immunity before reaching the Heck analysis when feasible. If a defendant is dismissed on absolute immunity grounds, it becomes clear that the § 1983 plaintiff will never have a claim against that defendant based on the particular facts alleged, even if the plaintiff is a state prisoner who eventually satisfies the precondition to a valid § 1983 claim under Heck. We believe this approach best serves the purposes underlying the absolute immunity doctrine.

Turning to the instant case, we find that Boyd's allegations regarding Judge Biggers and Prosecutor Young are somewhat

[boyd.008]                              10

confusing, but when his complaint is taken in conjunction with his statements at his <u>Spears</u> hearing, it appears that Boyd was simply contending that he was not guilty of murder and that Biggers and Young should have prevented his wrongful conviction.[6]

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. <u>Graves v. Hampton</u>, 1 F.3d 315, 317 (5th Cir. 1993). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. <u>Young v. Biggers</u>, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. <u>Mireles v. Waco</u>, 112 S. Ct. 286, 288 (1991); <u>see</u> <u>Forrester v. White</u>, 484 U.S. 219, 220-21 (1988) (holding that a state judge's dismissal of a subordinate court employee is not a judicial act entitled to absolute immunity). A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" <u>Mireles</u>, 112 S. Ct. at 288 (quoting <u>Stump v. Sparkman</u>, 435 U.S.

---

[6] Boyd alleged that Judge Biggers was "without authorization to accept the Jury Findings . . . that would shock the human sensibilities [and] without ascertai[n]ing all of the elements of such a case and the validity thereof." He alleged that Prosecutor Young "undoubtedly wante[d] to clear all Court Dockets, Old Warrants, Files and cases by convicting plaintiff without ascertai[n]ing the significan[ce] of plaintiff['s] evidence put before the court in plaintiff['s] behalf, or whether accurate information would have made any diff[e]rence in the court's decision."

349, 362 (1978)). Boyd does not complain of any actions taken by Judge Biggers that were nonjudicial in nature, and his claims against Judge Biggers were therefore properly dismissed with prejudice as frivolous.

Criminal prosecutors also enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. Graves, 1 F.3d at 318. As the Supreme Court recently reaffirmed:

> [A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . .

Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Graves, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. Id. at 318 n.9; see also Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), cert. denied, 112 S. Ct. 2323 (1992); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). Boyd alleges no facts against

Prosecutor Young that would destroy Young's absolute immunity, and his claims against Young were therefore properly dismissed with prejudice as frivolous.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.