IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-10028

BRUCE MONTGOMERY,

Plaintiff-Appellant,

versus

GEORGE E. KILLINGER, Warden
FCI, Fort Worth, ET AL.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:94-CV-736-Y)

(April 24, 1995)

Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Bruce Montgomery appeals the district court's dismissal of his civil rights action without prejudice and its denial of his _in forma pauperis_ application. We affirm.

Montgomery, an inmate of the Federal Medical Center at Fort Worth, Texas, filed this action pro se and _in forma pauperis_ alleging that Warden Killinger acted with deliberate indifference in failing to enforce the prison's environmental tobacco smoke

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

policy in designated non-smoking areas.  Montgomery alleges that he has emphysema and that the smoke has caused him irreparable damage to his health and poses "a life-threatening situation."  He states in his complaint that on many occasions in the past two months, he has asked Unit Counselor Habeeb, Unit Counselor George, Unit Manager Butler, and Warden Killinger to enforce the no-smoking policy in the television areas, bathrooms, and hallways, but that they offered him only "unenforced, ineffective promises."  No bulletin has been posted to alert other inmates of the need to comply with the no-smoking policy, nor have any other corrective steps been taken, he alleges.

The district court reviewed his complaint and ordered Montgomery to show cause why it should not be dismissed.  The court found Montgomery's complaint deficient on two grounds.  First, his in forma pauperis application was incomplete.  Second, his complaint was "far too vague to make out a constitutional civil rights claim."  The court accordingly ordered Montgomery to allege the facts of his constitutional claim with more specificity.  In particular, the court wanted to know how often or to what degree Montgomery encountered cigarette smoke at the facility, whether Montgomery was actually forced to breathe it, and whether there was any evidence that Warden Killinger was personally involved in the perceived wrong.

Montgomery's response to the show cause order failed to correct the omissions of his in forma pauperis petition, but it did state his claim with more specificity.  He alleged that he was

exposed to smoke "on an everyday basis, twenty-four hours daily, seven days weekly." He stated that smoke violations occurred in the hallways, community bathrooms, recreation rooms, TV rooms, sleeping areas and other public areas. He stated that he needed to remain outside or move constantly from area to area to avoid the smoke. This deprived him of socializing with other non-smokers inside and forced him to "exist as a virtual recluse." Finally, he stated that his lungs were functioning at only ten percent capacity and that the smoke worsened his breathing problems. Montgomery's response also added as defendants the prison officials named above whom he had asked to enforce the non-smoking policy.

Having reviewed Montgomery's response, the district court dismissed his action. First, it noted that Montgomery had failed to comply with its unambiguous order to complete his in forma pauperis application. Second, the court stated that the response "sheds no light on the substance of his claim as it is virtually devoid of factual allegations." The court dismissed the case without prejudice before ordering service of process, a dismissal we construe as based upon a finding of frivolousness. See Boyd v. Biggers, 31 F.3d 279, 281 (5th Cir. 1994) (construing dismissal before service as pursuant to 28 U.S.C. § 1915(d)). Montgomery now appeals.

We disagree with the district court's conclusion that this case is frivolous. The legal theory upon which it is based is not indisputably meritless. It rests upon Helling v. McKinney, 113 S. Ct. 2475 (1993), which held that prisoners exposed to environmental

3

smoke could state an Eighth Amendment claim.  Nor are Montgomery's allegations baseless or conclusory, at least upon the current record.  He has stated where and with what frequency he encounters second-hand smoke, and he has alleged a non-trivial medical injury.  Of course, if as this case proceeds it becomes clear that the only real injury the smoke poses Montgomery is limiting his social life, Montgomery's claim will be short-lived.  On the other hand, if the second-hand smoke is exacerbating his emphysema and posing a life-threatening situation, he may have a claim.

However, the district court acted within its discretion in dismissing without prejudice for Montgomery's failure to comply with its order to complete the <u>in</u> <u>forma</u> <u>pauperis</u> application.  Montgomery offers an excuse to this court that he did not offer the district court.  We will not listen.

AFFIRMED.