81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald W. BIVINS, Plaintiff-Appellant,
v.
Ernie K. HUDSON, Defendant-Appellee.
 No. 94-3323.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1995.[1]
Decided March 19, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Gerald W. Bivins was sentenced to death by an Indiana court after a jury found him guilty of murder, robbery, two counts of theft, and confinement, all committed during a two-day crime spree in January 1991.
 
 
 2
 Bivins subsequently filed this civil rights action against Sheriff Ernie K. Hudson. There had been a polygraph examination February 25, 1991. Bivins alleged that he requested an attorney, but Hudson continued to question him, violating his fifth, sixth, and fourteenth amendment rights. He claimed that Hudson testified falsely that Bivins had not requested an attorney. He claimed further that Hudson had violated his fifth and fourteenth amendment rights by losing the audio-cassette tapes of the polygraph examination. He made the additional claim that Hudson violated state law by holding Bivins in jail without charges pending in that county.
 
 
 3
 The district court dismissed the complaint without prejudice for failure to state a claim upon which relief could be granted, Fed.R.Civ.P. 12(b)(6), on the grounds that most of the claims were barred by the doctrine of testimonial immunity, other claims were barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994), and still others barred by the Indiana statute of limitations. After the district court's dismissal of this § 1983 action, Bivins' conviction and sentence were upheld by the Indiana Supreme Court in Bivins v. State, 642 N.E.2d 928 (Ind.1994).
 
 
 4
 The dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir.1994); Hinnen v. Kelly, 992 F.2d 140, 142 (7th Cir.1993). We accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of plaintiff. Zinermon v. Burch, 494 U.S. 113 (1990); Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir.1992). We will affirm a dismissal under Rule 12(b)(6) only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 5
 We first address the immunity issue.[2] Bivins alleges that the defendant sheriff testified that Bivins did not ask for an attorney. In his reply brief, Bivins writes: "Appellant concedes that the district court applied the correct standard of [immunity] law to the claim that Hudson perjured himself." (Reply brief, p. 1) Notwithstanding his concession, Bivins argues that the district court had no right to consider the testimonial immunity doctrine because it is an affirmative defense and was not raised by defendant in his Rule 12(b)(6) motion to dismiss. Defendant's two motions to dismiss were based on Heck v. Humphrey and on statute of limitations grounds; there is no mention of testimonial immunity. Nevertheless, the defense has not been waived because defendant has not yet answered the complaint. See Buckley v. Fitzsimmons, 20 F.3d 789, 793 (7th Cir.1994).
 
 
 6
 The doctrine of testimonial immunity provides that a police officer has absolute immunity from liability under § 1983 for providing perjured testimony at a criminal trial. Briscoe v. LaHue, 460 U.S. 325, 333 (1983); Curtis v. Bembenek, 48 F.3d 281, 285 (7th Cir.1995). The district court properly found that the perjury claim "against this defendant-sheriff [is] foreclosed because of the testimonial immunity found by the Supreme Court of the United States in Briscoe v. Lahue, 460 U.S. 325 (1983)." Thus, even assuming that a conviction tainted by perjury raises a constitutional issue, see Briscoe v. Laffue, 460 U.S. at 328 n. 3 (without deciding, Court merely assumes for the sake of argument that perjury underlying a conviction can be constitutional violation), Bivins' allegations regarding the sheriff's perjured testimony fall within the protection of testimonial immunity.
 
 
 7
 Plaintiff claimed violation of his right to due process when defendant lost the audio-cassette tapes of February 25. Apparently he claimed they would have shown that an officer attempted to question him after he had requested an attorney. To succeed he would have to prove that the tapes "possess an exculpatory value that was apparent before the evidence was destroyed, and are of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 488-89 (1984). Bivins would also have to show that defendant acted in bad faith. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988) ("unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"); United States v. Pedroza, 27 F.3d 1515, 1527 (10th Cir.1994) (defendants failed to show government acted in bad faith in destroying or losing missing tapes). He would of course have to show that the tapes had existed, an issue on which he was unable to persuade the Indiana Supreme Court. Bivins, 642 N.E.2d at 943. Because this claim would necessarily imply that Bivins' conviction was wrongful, he "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. at 2373.
 
 
 8
 The complaint also alleges that Bivins was confined contrary to state law because no charge was pending. In his brief, Bivins expands somewhat and argues that he was illegally confined in Boone County Jail from February 22, 1991 until March 26, 1991 (when he escaped), because defendant "failed to take the plaintiff before a judge for an arraignment." This claim is not cognizable under § 1983 because it seeks to challenge only an alleged violation of state law. Count IV of the complaint specifically cites only "state law"[3] and does not refer to any constitutional rights. Moreover, we note that Bivins was already in custody on an unrelated forgery charge when he was questioned about the murder and related events of January 1991. See Seay v. State, 168 Ind.App. 252, 342 N.E.2d 879 (1976) (no probable cause hearing is necessary where defendant is already legitimately in custody on another charge). Cf. Willis v. City of Chicago, 999 F.2d 284, 288-89 (7th Cir.1993) (finding violation of fourth amendment where police held the accused for 45 hours without judicial determination of probable cause in order to provide the police with additional time to investigate other crimes that detainee may have committed).
 
 
 9
 Bivins' complaint includes a claim that his rights were violated when the sheriff continued to question him after he requested counsel, and that the sheriff testified that Bivins "had made admissions as to guilt." Bivins' briefs do not develop any argument based on this claim, nor identify the "admissions." Assuming that they were the naming of two companions, referred to 642 N.E.2d at 939, the opinion of the Supreme Court of Indiana is convincing that admission of these disclosures was harmless if it was error. It would seem to follow, under Heck, that any constitutional violation in obtaining the disclosures was immediately actionable, although the damages might only be nominal. 114 S.Ct. 2372, n. 7. If so, the claim became barred when the period of limitations expired without action being brought.
 
 
 10
 The district court also found that Indiana's two-year statute of limitations barred Bivins' claims. We agree that any claims not otherwise barred are untimely under Indiana's two-year statute of limitations. Ind.Code § 34-1-2-2. Bivins was found guilty on March 7, 1992, and the complaint in this civil rights action was not filed until April 8, 1994, at least 31 days beyond the two-year limitation period.
 
 
 11
 For the reasons discussed above, we find that the § 1983 action was properly dismissed. We also agree with the district court that to the extent that Bivins is contending that he is entitled to be released from prison, his exclusive remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).[4]
 
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 See Buckley v. Fitzsimmons, 20 F.3d 789, 793 (7th Cir.1994) (immunity issues should be resolved "at the earliest possible time"); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir.1994) (because "immunity is properly viewed as 'immunity from suit rather than a mere defense to liability,' it is appropriate for the district courts to resolve the question of absolute immunity before reaching the Heck analysis when feasible"), quoting Mitchell v. Forsythe, 472 U.S. 511, 526 (1985)
 
 
 [3]
 Ind.Code § 35-33-7-1 provides that a person arrested without a warrant shall be taken "promptly" before a judicial officer
 
 
 [4]
 The district court order states: "[T]he complaint is dismissed without prejudice for this plaintiff to bring an appropriate action at an appropriate time under 28 U.S.C. § 2254.... It needs to be emphasized that this is not a § 2254 proceeding, and there is a difference."