89 F.3d 823
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
James Peter KYRICOPOULOS, Plaintiff, Appellant,
v.
Phillip A. ROLLINS, etc., et al., Defendants, Appellees.
 No. 95-2143.
 United States Court of Appeals,
First Circuit.
 June 25, 1996.
 
 James Peter Kyricopoulos on brief pro se.
 Scott Harshbarger, Attorney General, and William J. Duensing, Assistant Attorney General, on brief for appellees Philip A. Rollins, District Attorney for the Cape and Islands, et al.
 Pamela J. Fitzgerald and Brody, Hardoon, Perkins & Kesten, on brief for appellees, Town of Orleans Police Department and Lieutenant Lucien Ozon.
 Donald K. Stern, United States Attorney, Loretta C. Argrett, Assistant Attorney General, and Gary R. Allen, Richard Farber and Curtis C. Pett, Attorneys, Tax Division, Department of Justice, Washington, D.C., on brief for federal appellee.
 Carmen L. Durso and Lynne A. Tatirosian on brief for appellees John Perrone and Donald Jennings.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant James Peter Kyricopoulos appeals from the dismissal of his complaint, filed under 42 U.S.C. § 1983. After carefully reading the record and the parties' briefs, we affirm the district court's judgment, except as to Counts 1, 3, 4, 7, 9, and 10, for essentially the reasons stated in the court's Memorandum and Order, dated October 5, 1995. We affirm the dismissal of these counts on different grounds.
 
 
 2
 The district court reasonably construed Counts 1, 3, 4, 7, 9, and 10 as challenging, as unconstitutional, plaintiff's convictions in three state cases. The court's conclusion that these claims were time-barred, however, is mistaken. In Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 2374. Therefore, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ..., the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 2372. Heck applies retroactively to this case. See, e.g., Boyd v. Biggers, 31 F.3d 279, 282 n. 2 (5th Cir.1994). Because none of plaintiff's convictions have been invalidated, these counts are not cognizable in a § 1983 action.
 
 
 3
 Notwithstanding Heck, we affirm the dismissal of counts 1, 9 and 10 on the ground of absolute immunity, insofar as they name as defendants various District Attorneys and assistant district attorneys. Here, Counts 1, 9 and 10 essentially allege that the prosecutors conspired to have plaintiff falsely prosecuted. Because such conduct involves the initiation and presentation of the state's case, these defendants are absolutely immune from this action for damages. See Buckley v. Fitzsimmons, 509 U.S. 259, 269, 272 (1993).
 
 
 4
 Counts 4 and 7 make charges against two state trial judges. These judges are absolutely immune from this action in the absence of any indication that they acted outside their "judicial jurisdiction." See Pierson v. Ray, 386 U.S. 547, 553-54 (1967). There is no such indication here.
 
 
 5
 Finally, we reject the remainder of appellant's arguments. First, the district court did not abuse its discretion in dismissing the complaint before plaintiff conducted discovery. Fed.R.Civ.P. 12(b)(6) specifically is designed to streamline litigation and do away with "needless discovery" by permitting a district court to dismiss a claim where relief on that claim could not be granted under any facts plaintiff could prove consistent with his allegations. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). Further, plaintiff had over a year in which to conduct discovery, but did nothing. Second, appellant must raise issues regarding the district court judge's bias in the first instance in the district court. See Thibeault v. Square D. Co., 960 F.2d 239, 243 (1st Cir.1992) (relief must be sought in the district court before asking for it on appeal).
 
 
 6
 The judgment of the district court is affirmed. Appellant's motion for summary disposition is denied.