# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## No. 95-41029
## Summary Calendar

**Larry Fisher,**

**Plaintiff-Appellant,**

**v.**

**J.B. Smith; Judy Taylor;**
**East Texas Medical Center**;
**Louis Roach,**

**Defendants-Appellees.**

Appeal from the United States District Court
for the Eastern District of Texas
(6:94-CV-463)

July 19, 1996

Before WISDOM, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant, Larry Fisher, appeals the dismissal of his civil rights action. Fisher's

suit contends that the defendants-appellees violated his constitutional rights by denying him adequate

medical care while he was a pretrial detainee in Smith County, Texas. The magistrate judge assigned

to this case found that Fisher received adequate medical care, and that his complaint was frivolous

because: 1) the defendant East Texas Medical Center is not a person for purposes of 28 U.S.C.

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

§1983; 2) defendants Smith and Taylor were sued only in their capacities as supervisors, and cannot be held liable on a theory of *respondeat superior*;[1] and 3) defendant Dr. Roach was sued only for alleged negligence, which cannot provide the basis for a civil rights lawsuit.[2] Accordingly, the district court dismissed Fisher's suit as frivolous pursuant to 28 U.S.C. § 1915(d). We have reviewed the briefs and the record and find no abuse of discretion in the district court's findings.[3] In his appeal Fisher also raises two new issues not presented to the lower court. Fisher argues that defendant-appellee, Sheriff J.B. Smith, failed to properly segregate Fisher from convicted prisoners, and also did not allow Fisher sufficient access to a law library during his detention. We decline to review these new issues because they involve unresolved issues of fact.[4]

Accordingly, we AFFIRM the dismissal of Fisher's complaint.

---

[1] *Thomkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987) (a supervisor can be held liable under § 1983 only if he or she was personally involved in the constitutional violation or if their is a causal connection between the supervisor's conduct and the violation).

[2] *Hare v. City of Corinth, MS,* 74 F.3d 633, 645 (5th Cir. 1996) (*en banc*).

[3] We review the §1915(d) dismissal of a civil rights suit only for abuse of discretion. *Boyd v. Biggers,* 31 F.3d 279, 282 (5th Cir. 1994).

[4] *Robertson v. Plano City of Tex.,* 70 F.3d 21, 23 (5th Cir. 1955).