IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60095
Conference Calendar

_____


LOUIS JAMES CLAY, JR.,

                                        Plaintiff-Appellant,

versus

LILLIE BLACKMON SANDERS, Judge
Wilkinson County, Mississippi,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:98-CV-167-BrS
- - - - - - - - - -

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:*

     Louis James Clay, Jr., Mississippi state prisoner # 08452,

appeals the district court's dismissal of his 42 U.S.C. § 1983

complaint based on a finding of absolute immunity.  *See* 28 U.S.C.

§ 1915(e)(2)(B)(iii).  On appeal, Clay argues that the district

court erred when it dismissed his § 1983 complaint and requests

appointment of counsel.  He also argues that the district court

judge presiding over the case should have recused himself

pursuant to Clay's motion to alter or amend judgment.  *See* Fed.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

R. Civ. P. 59(e).

The issue whether the district court judge should have recused himself pursuant to Clay's Rule 59(e) motion is not properly before this court. Clay filed a notice of appeal after making the motion but before the district court ruled on the motion. Clay did not file a subsequent notice of appeal, nor amend the previously filed notice of appeal following the denial of his Rule 59(e) motion. Such action is a prerequisite to this court's jurisdiction. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

The district court properly concluded that Judge Sanders is entitled to absolute immunity from suit. *See Stump v. Sparkman*, 435 U.S. 349, 356-64 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Accordingly, the district court's dismissal of Clay's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) is AFFIRMED. Clay's motion for appointment of counsel is DENIED.