IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60431
Conference Calendar
_____

WILLIAM E. ANDERSON,

Plaintiff-Appellant,

versus

LARRY LUCAS; HAZEL ROBINSON;
ALFRED BODAINE; WALTER BOOKER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-219-D-B
- - - - - - - - - -
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

William E. Anderson, Mississippi prisoner # 13682, appeals
the take-nothing judgment entered in his in forma pauperis 42
U.S.C. § 1983 complaint.  Anderson argues that the evidence
presented at trial by the defendants was false and that he was
denied due process because the defendants were not criminally
prosecuted.

Anderson has failed to provide a copy of the trial
transcript in the record on appeal.  This court need not consider

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the merits of the issue when the appellant fails to provide a transcript.  Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992). Even if Anderson had provided the transcript, he is effectively challenging the credibility determinations of the trier of fact, which will not be disturbed on appeal.  Martin v. Thomas, 973 F.2d 449, 453 & n.3 (5th Cir. 1992).

Anderson's due process challenge is frivolous.  Whether criminal charges should have been initiated against the defendants rests within the discretion of the prosecuting attorney, not the defendants, and prosecuting attorneys are absolutely immune from liability under 42 U.S.C. § 1983.  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994)

Because Anderson's appeal is without arguable merit, it is frivolous and must be dismissed.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  This dismissal of a frivolous appeal counts as a strike against him for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If Anderson receives three strikes, he will be barred from bringing a civil action or appeal as a prisoner proceeding in forma pauperis unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Anderson should review any pending complaints or appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED AS FRIVOLOUS.  5TH CIR. R. 42.2.