United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10628
Conference Calendar

TRACY SHON NIXON,

Plaintiff-Appellant,

versus

STATE OF TEXAS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-1024-D
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tracy Shon Nixon appeals the district court's dismissal of

his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C.

§§ 1915A(b)(1) and 1915(e)(2)(B)(i).  Nixon argues that the

district court prematurely dismissed his claim against Judge

Green based on qualified immunity.  Nixon additionally contends

that his claim falls under the Ex parte Young, 209 U.S. 123

(1908), exception to the State of Texas' sovereign immunity under

the Eleventh Amendment.

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)(citation omitted). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." Id. (citations omitted). Because Nixon does not complain of any actions by Judge Green that were nonjudicial in nature or taken completely without jurisdiction, the district court properly dismissed any claim against her as frivolous based on her judicial immunity. See id.

"To meet the Ex Parte Young exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." Aquilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998)(citation omitted). Although Nixon's claim is brought against an individual, Judge Green, as an agent of the state, Nixon is seeking damages for past actions. Therefore, Nixon's claim does not meet the Ex parte Young exception.

Based on the foregoing, the district court's judgment is AFFIRMED.