United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60319
Conference Calendar
_____

RICHARD MERLE SWITZER,

                                    Plaintiff-Appellant,

versus

FELICIA DUNN BURKES,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CV-209-GURO
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Richard Merle Switzer, Mississippi prisoner # 47818, appeals
the dismissal of his civil rights complaint for failure to state
a claim pursuant to FED. R. CIV. P. 12(b)(6) and, alternatively,
on the defendant's motion for summary judgment.  He argues that
his criminal defense attorney conspired with the trial judge to
deprive him of his right to appeal his escape conviction.

     Switzer's appeal from the denial of his 28 U.S.C. § 2254
petition is currently pending before this court.  He was granted

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a certificate of appealability on the issue whether counsel rendered ineffective assistance for failing to file a direct appeal.  See Switzer v. Mississippi, No. 04-60104 (5th Cir. July 1, 2004) (unpublished).  Given that Switzer's civil claims imply the invalidity of his escape conviction and, further, that he has not shown his conviction to have been reversed or otherwise declared invalid, we affirm the district court's dismissal on the alternative basis that Switzer's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).

The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  We caution Switzer that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger or serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED.