United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2006

Charles R. Fulbruge III
Clerk

` IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11496
Summary Calendar

AMERICAN BOARD OF OBSTETRICS AND GYNECOLOGY,

Plaintiffs,

MAHMOOD YOONESSI, M.D.

Defendant-Third Party Plaintiff-Appellant,

versus

WILLIAM M. SKRETNY,

Third Party Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(No. 3:05-CV-1561)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dr. Mahmood Yoonessi, acting *pro se*, appeals the district court's dismissal of his

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

third party complaint against the Honorable William M. Skretny on the basis of absolute judicial immunity. We affirm.

The American Board of Obstetrics and Gynecology (the "Board") filed suit in Texas state court against Yoonessi for, *inter alia*, abuse of process based upon prior lawsuits Yoonessi had filed against the Board and various other individuals. One of the prior cases was heard by Judge Skretny in the United States District Court for the Western District of New York, who resolved the case against Yoonessi. After the Board sued Yoonessi in Texas state court, Yoonessi answered and filed third party complaints against various defendants and against Judge Skretny. Judge Skretny, through the United States Attorney's Office, removed to federal court where the claim against him was dismissed on the basis of absolute immunity. The district court remanded the remaining claims by the Board and Yoonessi to state court.

Yoonessi complains solely of Judge Skretny's actions with respect to the prior litigation in the Western District of New York. Judge Skretny is entitled to absolute judicial immunity. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."). To the extent that Yoonessi raises issues regarding various other third-party defendants, the district court has, in its discretion, remanded the remaining claims to state court. Yoonessi has offered no reasons why this court should review that decision.

AFFIRMED.

2