# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2017

Lyle W. Cayce
Clerk

COLLINS O. NYABWA,

Plaintiff-Appellant

v.

JUDGE SHARON KELLER; JUDGE LAWRENCE E. MYERS; JUDGE BERT RICHARDSON; JUDGE KEVIN YEARY; JUDGE CHERYL L. JOHNSON; JUDGE MICHAEL KEASLER; JUDGE BARBARA HERVEY; JUDGE ELSA ALCALA; JUDGE DAVID NEWELL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-735

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Collins O. Nyabwa, former Texas prisoner # 1729106, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against nine judges on the Texas Court of Criminal Appeals alleging that they violated his due process rights by delaying action on his legal claims. He sought $5 million in damages. In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50048

response to Nyabwa's motion to proceed in forma pauperis, the district court dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because he sought only money damages from defendants who are immune from such suits.

On appeal, Nyabwa contends that the defendants were not entitled to absolute immunity because they are elected and should therefore be considered politicians. He alleges that, because the defendants are subject to political influence, their actions or inactions (1) are taken outside of a judicial capacity and (2) occur in the complete absence of all jurisdiction. He admits that he can find no precedent from this court supporting his argument.

As to claims for money damages, judges are generally entitled to absolute immunity for acts performed in the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Although Nyabwa correctly cites to the two instances in which a judge is not protected by absolute immunity, his argument that the judge's elected status renders those exceptions applicable lacks merit. We join our sister circuits in rejecting the proposition that state judges are not entitled to absolute immunity simply because they are elected. *See Goldstein v. Galvin*, 719 F.3d 16, 29 & n.3 (1st Cir. 2013); *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 98 n.4 (3d Cir. 2011); *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 526 (7th Cir. 2001); *Brown v. Griesenauer*, 970 F.2d 431, 439 (8th Cir. 1992).

In his complaint, Nyabwa challenged the defendants' actions or inactions in their judicial capacities. Accordingly, the defendants were entitled to absolute immunity from Nyabwa's claims for damages. *See Boyd*, 31 F.3d at 284-85. The district court therefore properly dismissed Nyabwa's complaint under § 1915(e)(2)(B)(iii).

AFFIRMED.