# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2021

Lyle W. Cayce
Clerk

No. 20-30412
Summary Calendar

Stanley Price,

*Plaintiff—Appellant*,

*versus*

Paulette Riley Irons, *Officially and Individually*; Donald T. Johnson; Quiana M. Hunt; Hunt-Clark Law Firm, L.L.C., *Officially*; Sharon K. Hunter; Robin M. Giarruusso, *Officially and Individually*; Christopher J. Bruno, *Officially and Individually*; Office of Disciplinary Counsel, *Officially*; Susan C. Kalmbach; Judiciary Commission of Louisiana, *Officially and Individually*; Michelle A. Beaty,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-11451

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Stanley Price filed this lawsuit in the Eastern District of Louisiana alleging misconduct related to a separate set of proceedings that Price filed in Louisiana state court. He alleges that various judges committed judicial misconduct; that opposing counsel acted unethically; and that the Office of Disciplinary Counsel, Judiciary Commission of Louisiana, and their respective investigative officers failed to properly investigate his complaints of misconduct.

The district court dismissed Price's claims. It concluded that the claims brought against the defendants in their official capacities were barred by the Eleventh Amendment. It further concluded that Price's claims against the various judges in their personal capacities were barred by judicial immunity and that those brought against the investigative officers in their personal capacities were barred by absolute immunity. The district court dismissed Price's claims against the opposing counsel and their law firm because Price had failed to state a claim based on federal law. Price moved to have Judge Vance, who heard his case in federal court, disqualified, but that motion was denied as well.

On appeal, Price first argues that the district court should have given him leave to amend his complaint. However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). The district court did not err in denying Price's motion to amend because Price's motion does not explain how he could cure the deficiencies in his claims. Amending the complaint would be futile.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30412

Second, Price argues that judicial immunity does not apply because the alleged misconduct related to the administrative responsibilities of the state judges, not their adjudicative responsibilities. We agree with the district court that the conduct complained of was judicial in nature because it involved the judicial administration of Price's case. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) ("A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991))).

Third, Price contends that the *Ex Parte Young* doctrine permits him to assert his claims despite the Eleventh Amendment's general grant of sovereign immunity to nonconsenting states against private suits in federal court. *Ex Parte Young* applies only where a plaintiff has sought prospective injunctive or declaratory relief. *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (*en banc*). Price's complaint asked the district court to award damages, not prospective relief, so the district court was correct in its determination that the Eleventh Amendment bars his suit against the defendants in their official capacities.

Fourth, Price asserts that he has stated a federal claim against the opposing counsel and their law firm because he asserted a claim under 42 U.S.C. § 1983. However, as the district court noted, § 1983 applies only where an individual acts under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). We agree with the district court that these defendants did not act with state authority or under the color of state law.

Finally, Price asks this court to reverse the denial of his motion for disqualification. However, Price provides us with no basis to disqualify Judge Vance.

No. 20-30412

For these reasons, and for the reasons outlined by the district court, we AFFIRM the district court's dismissal of Price's claims.  We also AFFIRM the denial of Price's motion for disqualification.