# United States Court of Appeals for the Fifth Circuit

No. 21-10081
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2022

Lyle W. Cayce
Clerk

HASSEH EL BEY,

*Plaintiff—Appellant*,

*versus*

CONRAD DOMINGUEZ; PHILIP AYALA; SUZIE WHITTENTON; CHAD HARRIS; MARK GRONEMAN; ROGER MORRIS, III; RON JOY; BRENT WARDEN, *doing business as* BRENT WARDEN; DON R. ALLRED, *doing business as* DON ALLRED; RONALD KENT BIRDSONG, *doing business as* KENT BIRDSONG; SHAWN BALLEW, *doing business as* SHAWN BALLEW; JUSTIN WATTS, *doing business as* JUSTIN WATTS; STATE OF TEXAS; TEXAS DEPARTMENT OF PUBLIC SAFETY; TEXAS HIGHWAY PATROL; COUNTY OF OLDHAM; CITY OF VEGA; DOES 1-10; WARREN KENNETH PAXTON, JR., *doing business as* KEN PAXTON; ATTORNEY GENERAL OF TEXAS,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:20-CV-73
USDC No. 2:20-CV-74

Before DAVIS, SMITH, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Hasseh El Bey appeals from the district court's dismissal of his pro se 42 U.S.C. § 1983 complaint against all of the defendants on various grounds under either Federal Rule of Civil Procedure 12(b)(1) or Federal Rule of Civil Procedure 12(b)(6). El Bey's claims stemmed from a traffic stop, search and seizure, arrest, and subsequent criminal proceedings. On appeal, El Bey presents a multitude of arguments. Although we liberally construe pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), many of El Bey's appellate arguments are insufficiently briefed because they are merely conclusory, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, we will not address those arguments. Moreover, to the extent that El Bey is challenging the magistrate judge's denial of his motion seeking the magistrate judge's recusal, we lack jurisdiction to consider an appeal directly from a magistrate judge's ruling in this context. *See Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 766 (2022).

We conduct a de novo review of dismissals under Rule 12(b)(1) for lack of subject matter jurisdiction and dismissals under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018). A complaint will survive dismissal for failure to state a claim if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, we should neither "strain to find inferences favorable to the plaintiff" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotation marks and citation omitted).

---

* This opinion is not designated for publication. See5th Cir. R. 47.5.

The district court dismissed El Bey's claims against defendants Texas Attorney General Ken Paxton, in his official capacity; the State of Texas; the Attorney General of Texas; the Texas Highway Patrol; and the Texas Department of Public Safety for failure to state a claim upon which relief could be granted because El Bey's complaint did not identify any action, inaction, or policy of these defendants that caused the alleged violations. Although El Bey argues on appeal that these defendants failed to correct their unconstitutional policy of permitting warrantless searches, he has failed to explain how reliance on probable cause for a warrantless search amounts to an unconstitutional policy. *See United States v. Seals*, 987 F.2d 1102, 1107 (5th Cir. 1993) ("It is well established that warrantless searches of automobiles are permitted by the Fourth Amendment if supported by probable cause."). Our review shows that the district court's dismissal of these claims for failure to state a claim was proper. *See Smith*, 900 F.3d at 184.

As to El Bey's claims against defendants Kent Birdsong and Don Allred, the district court determined that Birdsong was protected by prosecutorial immunity and Allred was protected by judicial immunity. Because the violations alleged by El Bey that may be attributed to Birdsong and Allred were committed within the scope of their prosecutorial or judicial duties, respectively, the district court properly dismissed El Bey's claims against Birdsong and Allred based on this basis. *See Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

The district court dismissed El Bey's claims against defendants Roger Morris III, Brent Warden, Shawn Ballew, Justin Watts, the County of Oldham, the City of Vega, Chad Harris, Mark Groneman, Philip Ayala, Suzie Whittenton, and Paxton in his individual capacity under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. "Under [§] 1983, supervisory officials are not liable for the actions of subordinates on any

theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor may be liable if he is personally involved in the constitutional violation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 304. As determined by the district court, El Bey failed to show that any of these supervisory defendants implemented a deficient policy that caused the alleged violation or that there was a pattern of similar constitutional violations indicating a failure to train or supervise. The district court's dismissal on this basis was therefore proper. *See Smith*, 900 F.3d at 184.

After the district court granted defendant Conrad Dominguez's motion for a more definite statement and waited 52 days for a reply from El Bey, the district court invoked its authority under Federal Rule of Civil Procedure 12(e) to strike El Bey's pleadings against Dominguez and dismiss El Bey's claims against Dominguez. Although El Bey raises certain frivolous arguments on appeal regarding the validity of Dominguez's motion and El Bey's attempted filing of non-responsive motions, he does not contest that he failed to comply with the district court's order for a more definite statement. He has therefore failed to show any error in this regard.

Accordingly, we DISMISS El Bey's appeal as to the magistrate judge's ruling on his recusal motion and we AFFIRM the district court's judgment.