No. 98-41505
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41505
Conference Calendar
_____

SCOTTY LYNN TAYLOR,

Plaintiff-Appellant,

versus

MONTY TIPPS, Corporal at Sulphur Springs
Police Department; STILLWAGONER,
Detective; RONNIE GLOSSUP, Magistrate
Judge of the Peace; MARTIN BRADDY,
Assistant District Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:98-CV-60
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Scotty Lynn Taylor, Texas prisoner #817710, appeals the

dismissal of his civil rights lawsuit as frivolous under 28

U.S.C. § 1915(e)(2)(B)(i).  As the district court explained,

Taylor's claims that he was denied due process and equal

protection by the defendants are barred by Heck v. Humphrey, 512

U.S. 477, 487 (1994), which held that a state prisoner's lawsuit

is barred whenever a judgment in the prisoner's favor "would

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

necessarily imply the invalidity of his conviction." Taylor argues that the district court erred in dismissing his complaint with prejudice. In Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994), however, we squarely held that it was not error to dismiss a complaint pursuant to Heck with prejudice. The district court did not abuse its discretion in dismissing Taylor's complaint with prejudice. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

This appeal is without arguable merit and, thus, frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

We caution Taylor that both the district court's and this court's dismissals will count as "strikes" for purposes of 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Once Taylor accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.