**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 94-50174

(Summary Calendar)
_____

JAMES SKIP HULSEY,

Plaintiff-Appellant,

versus

BOB OWENS and
HARRY C. GREEN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

August 17, 1995

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:

James Skip Hulsey, an inmate in the Texas Department of Criminal Justice's Institutional Division, filed a 42 U.S.C. § 1983 (1988) complaint against Bob Owens, Director of the Texas Board of Pardons and Paroles ("Board") and Harry C. Green, General Counsel for the Board. Hulsey sued Owens and Green "in their individual/personal capacities for acts taken in their official capacities as board members," seeking damages. The district court adopted a magistrate judge's recommendation that Hulsey's complaint be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Hulsey appeals; we AFFIRM the dismissal.

## I

Hulsey contends that (1) his reincarceration was based on an assault charge that was later dropped, (2) he was not provided with a copy of the hearing officer's findings, (3) the Board ignored his motion to reopen his revocation proceedings, and (4) Owens and Green "allowed state employees to revoke parole and stamp or forge the Board members' signature . . . to make it appear that members of the Board had actually voted a decision on a revocation."

A magistrate judge found that (1) Owens and Green are absolutely immune from liability, and (2) inasmuch as Hulsey is not constitutionally entitled to parole, his due process and equal protection complaints about the pardons and parole system in Texas do not state a claim for which relief may be granted, and (3) Hulsey is required to exhaust his state habeas corpus remedies before he can pursue a § 1983 claim or any federal habeas relief challenging his reincarceration. The magistrate judge recommended that Hulsey's complaint be dismissed.

Following a *de novo* review of the file, the district court adopted the recommendation of the magistrate judge reiterating that Hulsey's proper cause of action, provided he first exhausts his state habeas remedies, is a writ of habeas corpus under 28 U.S.C. § 2254 (1988), and not a civil-rights action under § 1983. The district court dismissed Hulsey's complaint without prejudice. Hulsey appeals, contending that the members of the Board are not

-2-

immune.[1]  Hulsey contends that the statute of limitations on his § 1983 action will expire if he is forced to pursue a habeas remedy first, ignoring our decision in *Heck v. Humphrey*, ___ U.S. ___, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), in which we held that the statute of limitations for bringing a § 1983 claim for damages based on an inmate's conviction or imprisonment does not begin to run until the conviction or sentence has been invalidated in another proceeding.[2]

## II

We address first the question of whether the Board members are entitled to absolute immunity from Hulsey's claims.  Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question "to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  Thus, "it is appropriate for the district courts to resolve the question of absolute immunity before reaching the *Heck* analysis when feasible." *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991)).

The Supreme Court has granted absolute immunity to judges in

---

[1]    We liberally construe the brief of a *pro se* appellant, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), and thus read Hulsey's brief to argue that Owens and Green are not immune from suit or liability for damages.

[2]    *Heck v. Humphrey* prevents an action for damages under 42 U.S.C. § 1983 when the complaint, directly or indirectly, challenges the legality of the complainant's conviction or imprisonment. *Id.* at 2372.  A § 1983 plaintiff must first prove that his conviction or sentence has been invalidated in a proper proceeding prior to bringing a § 1983 action. *Id.*  If the sentence or conviction has not been invalidated there can be no action for damages under § 1983, and the statute of limitations does not begin to run. *Id.; see also Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (recognizing that § 1983 action does not accrue until conviction or sentence has been invalidated).  Consequently, the statute of limitations on Hulsey's § 1983 claim will not begin to run until *after* he has obtained habeas relief, if warranted.

-3-

the performance of their judicial duties. *Nixon v. Fitzgerald*, 457 U.S. 731, 745, 102 S. Ct. 2690, 2699, 73 L. Ed. 2d 349 (1982). The Court employs a "functional" approach to determine if other officials are entitled to absolute immunity. *See, e.g.*, *Buckley v. Fitzsimmons*, ___ U.S. ___, ___ 113 S. Ct. 2606, 2613, 125 L. Ed. 2d 209 (1993) (state prosecutor denied absolute immunity in suit that involved job functions that were investigatory rather than prosecutorial in nature and thus were not performed in role as advocate for state).[3] Officials whose responsibilities are "functionally comparable" to those of a judge are also absolutely immune from damages liability. *See Butz v. Economou*, 438 U.S. 478, 513-14, 98 S. Ct. 2894, 2914-15, 57 L. Ed. 2d 895 (1978) (finding administrative law judge absolutely immune from damages liability for performing adjudicatory functions). Thus, it is "the nature of the function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis." *Forrester v. White*, 484 U.S. 219, 227-29, 108 S. Ct. 538, 544-45, 98 L. Ed. 2d 555 (1988) (denying judge absolute immunity when performing administrative rather than judicial duties).

Although the Supreme Court has not expressly extended absolute

---

[3]   *See also Cleavinger v. Saxner*, 474 U.S. 193, 201, 106 S. Ct. 496, 501, 88 L. Ed. 2d 507 (1985) (summarizing absolute immunity doctrine and noting that its extension has been based on job function challenged rather than defendant's status; *Harlow v. Fitzgerald*, 457 U.S. 800, 808, 102 S. Ct. 2727, 2733, 73 L. Ed. 2d 396 (1982) (granting absolute immunity to the president based on public policy of preventing outside pressures from directly impacting president's execution of official duties); *Imbler v. Pachtman*, 424 U.S. 409, 423-24, 96 S. Ct. 984, 991, 47 L. Ed. 2d 128 (1976) (prosecutor granted absolute immunity for conduct integrally related to judicial system due to policy considerations similar to those supporting absolute immunity for judges and grand jurors).

immunity to parole board members, the Court has noted with approval that "federal appellate courts have so held." *Cleavinger*, 474 U.S. at 200-01, 106 S. Ct. at 500; *Walrath v. United States*, 35 F.3d 277, 282 n.3 (7th Cir. 1994). Most circuits now hold that "parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole." *Walrath*, 35 F.3d at 281 & n.2.

This circuit first granted absolute immunity to a parole board member over fifteen years ago. *See Cruz v. Skelton*, 502 F.2d 1101 (5th Cir. 1974). Since then, we have repeatedly held that parole board members are absolutely immune when performing their adjudicative functions, distinguishing such decision-making activities from administrative functions for which parole board members are entitled to only qualified immunity. *See*, *e.g.*, *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990) (finding parole board members absolutely immune and reiterating that "defendant's immunity depends on function, not on identity").[4] The Seventh Circuit has long held that parole board members' conduct that is "inexorably connected with the execution of parole revocation procedures" is entitled to absolute immunity.[5] *Walrath*,

---

[4]     *See also Johnson v. Kegans*, 870 F.2d 992, 995-96 (5th Cir.) (discussing history of absolute immunity for parole board members, equating their function to that of judges and labeling the parole board's function "quasi-judicial"), *cert. denied*, 492 U.S. 921, 109 S. Ct. 3250, 106 L. Ed. 2d 596 (1989); *Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969, 974 (5th Cir. 1988) (focusing on the nature of the official's responsibilities and not on the official's status or rank); *Cruz v. Skelton*, 502 F.2d 1101, 1102 (5th Cir. 1974) (granting absolute immunity to parole board members when they are "engaged in the performance of quasi-judicial duties").

[5]     While the Fifth Circuit has addressed the absolute immunity of parole board members, see, e.g., *Walter v. Torres*, 917 F.2d 1379 (5th Cir. 1990), the Seventh Circuit recently reviewed absolute immunity of parole board members in much greater detail, *see Walrath v. United States*, 35 F.3d 277 (7th Cir. 1994). Although *Walrath* concerned a federal parole board, the Supreme Court has held

-5-

35 F.3d at 282 (quoting *Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir. 1984)). The parole revocation functions to which the Seventh Circuit accords absolute immunity are "not only the actual decision[s] to revoke parole, but also the activities that are part and parcel of the decision process." *See Trotter*, 748 F.2d at 1182. We see no reason to hold differently.

The conduct of which Hulsey complains is conduct for which the Board members are absolutely immune from suit.[6] First, Hulsey's claim that his parole revocation was based on an assault charge that was later dropped is a challenge to a "decision that involved an exercise of discretion in determining whether parole revocation was appropriate in this particular instance." *See Walrath*, 35 F.3d at 282-83 (holding parole board members to be absolutely immune from charge that they conspired to revoke inmate's parole based on charges they knew to be false). Second, Hulsey's claim that the Board failed to provide him with a copy of the hearing officer's findings in a timely manner[7] is analogous to a claim against a judge for denying an inmate the right to a speedy trial. *See id*. at 283 (comparing challenge to parole board members' delay in

---

that "there is no basis for according to federal officials a higher degree of immunity from liability when sued for a constitutional infringement . . . than is accorded state officials when sued for the identical violation under § 1983." *Butz v. Economou*, 438 U.S. 478, 500, 98 S. Ct. 2894, 2907, 57 L. Ed. 2d 895 (1978).

[6] Green is General Counsel for the Board. In *Walter*, we held that the general counsel of the Texas Board of Pardons and Paroles is entitled to the same immunity against claims involving parole revocations as that afforded to Board members themselves. *Id.* at 1381, 1383-85.

[7] It appears from Hulsey's brief that although his request for a copy of the findings was originally denied, Hulsey was provided with a copy at a later time.

scheduling a parole revocation hearing to a defendant's seeking "monetary damages from a judge for violation of his speedy trial rights"). Third, the Board's denial of Hulsey's request to reopen revocation proceedings is adjudicatory in nature. *See id.* at 281-82 (citing *Trotter*, 748 F.2d 1182-83, as holding that "parole board officials who declined a request to conduct a second preliminary parole revocation hearing were absolutely immune from suit").

Hulsey also contends that Owens and Green allowed staff members to stamp Board members' signatures on reincarceration decisions that no Board member ever reviewed. Hulsey concedes that a designee may conduct a revocation hearing, and make recommendations based upon that hearing, in the place of a Board member,[8] but he argues that the ultimate decision must still be made by a Board member. We addressed a similar claim in *Walter*, in which an inmate challenged the parole board's enactment of a statute eliminating the necessity of conducting a formal hearing before revoking an inmate's parole on the grounds that the inmate had committed a felony while on parole. *See Walter*, 917 F.2d at 1380. We held that, in enacting the statute, the parole board was "exercising a rule making power broader than simply making rules of practice," *see id.* at 1384, but we noted that if the parole board "had been making a rule of practice for a judicial body, it would have been entitled to absolute immunity in making as well as applying the rule," *see id.* In the present case, we hold that the Board members' alleged practice of allowing their signatures to be

---

[8] *See* Tex. Code Crim. Proc. Ann. art 42.18 § 14(a) (West 1987).

placed on reincarceration certificates that they never reviewed is a rule of practice; thus, even if we assume that Hulsey is challenging the creation as well as the application of the practice, the Board members are absolutely immune from suit.

### III

Because we find that Owens and Green are absolutely immune from suit, we will not reach the other issues discussed by the magistrate judge and the district court.  The district court's dismissal is accordingly modified to read **DISMISSED WITH PREJUDICE**, and we **AFFIRM** the dismissal **AS MODIFIED**.