# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

—————————————

No. 99-10766

(Summary Calendar)

—————————————

MICHAEL B. ELLIS,

Plaintiff-Appellant,

versus

CITY OF CARROLLTON, ETC; ET AL,

Defendants,

CITY OF CARROLLTON, a Municipal Corporation; KAREN N. BROPHY; LYNN NUNN; LYNN BOLISH; SHIRLEY ARMSTRONG; MICHAEL DREWRY,

Defendants-Appellees.

—————————————

No. 99-10906

—————————————

MICHAEL B. ELLIS

Plaintiff-Appellant,

versus

CITY OF GARLAND; ROBERT BEASLEY; CHARLES M. HINTON, JR.; RON JONES, II; M. SHANNON KACKLEY; MONTRICE SESSION; DEBBIE FREY,

Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-413-G
USDC No. 3:98-CV-706-G

April 12, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael B. Ellis ("Ellis") appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaints against the City of Carrollton, et al. ("Carrollton") (appeal No. 99-10766), and against the City of Garland, et al. ("Garland") (appeal No. 99-10906) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we affirm the judgments of the district courts.

Ellis presents the same two "threshold issues" in both appeals: (1) whether the Texas Legislature had authority to "re-delegate" to a political subdivision, such as Carrollton or Garland, the power to create municipal courts and "suspend the operation" of state statutes that create municipal courts in Texas, and (2) whether the Texas Legislature had authority to "enact local laws regulating the practice" before a city's municipal court.[1] Because the issues in the two cases are identical, we consolidate the appeals pursuant to Federal Rule of Appellate Procedure 3(b)(2). *See* Fed. R. App. P. 3(b)(2) ("When the parties have filed separate and timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.").

Ellis received several traffic citations in Garland and one citation in Carrollton. He was convicted of each offense after a trial in the proper city's municipal court of record. Ellis appealed his Garland convictions to the Dallas Court of Criminal Appeals and the Fifth Judicial District Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Ellis presents additional issues in each appeal which he claims "need only be considered if [we find] for Appellant on either threshold Issue 1 and 2 above." Since we find that Ellis fails to state a cognizable § 1983 claim, we decline to address these additional issues.

at Dallas, both of which affirmed his convictions. He did not appeal his Carrollton conviction. Instead, Ellis turned to the federal court system, suing Carrollton and Garland, as well as various prosecutors, judges and other city officials, and contending that his convictions in the municipal court systems deprived him of his property without due process of law. Specifically, Ellis claims that the state statutes authorizing Garland and Carrollton to create municipal courts of record violate the Texas Constitution. Ellis also alleges that state legislature did not have the authority to enact local rules to guide practice in the municipal courts. Finally, in the Garland suit, Ellis asserted a separate false arrest claim against Municipal Court Judge Robert Beasley, claiming that Judge Beasley had no authority to order Ellis's arrest for contempt of court because Judge Beasley had not filed a sworn "Statement of Officer" with the Texas Secretary of State, as required by the Texas Constitution.[2] Pursuant to Rule 12(b)(6), the district court dismissed both complaints for failure to state a claim.[3] We review the district court's ruling under Rule 12(b)(6) *de novo*. *See Shipp v. McMahon,* 199 F.3d 256, 260 (5th Cir. 2000).

A violation of state law is not cognizable under § 1983. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Ellis premises both of his complaints on the allegation that the establishment of the municipal courts, and the accompanying rules, violate the Texas Constitution. In doing so, Ellis fails to articulate a violation of a federal right, save a conclusory allegation that the appellees' actions deprived him of due process. Such a conclusory allegation is an insufficient basis for a § 1983 claim. *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Accordingly, the district court properly dismissed the cases for failure to state a cognizable federal claim. *See Shipp*, 199 F.3d at 260 ("This strict standard of review under 12(b)(6) has been summarized as follows: 'The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved

---

[2]    The district court held that absolute judicial immunity barred the false arrest claim.

[3]    The district court dismissed the Carrollton suit but also granted Ellis leave to file an amended complaint that alleged with greater particularity the basis for several of his claims. Ellis filed an amended complaint, but failed to state his claims with an increased level of specificity. Accordingly, the court dismissed the amended complaint.

in his behalf, the complaint states any valid claim for relief.'") (citation omitted).

Additionally, in appeal No. 99-10906, Ellis argues that absolute judicial immunity should not bar his false arrest claim against Municipal Court Judge Beasley. A judge is entitled to absolute immunity in the performance of his judicial duties. *See Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). Judge Beasley's contempt order was clearly a judicial act, and Ellis fails to demonstrate that a municipal court judge is without jurisdiction to issue such an order. Thus, the district court did not err in dismissing the claim based on judicial immunity. *See id.*; *see also Malina v. Gonzales,* 994 F.2d 1121, 1124 (5th Cir. 1993) (holding that absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of jurisdiction).[4]

Accordingly, the judgments of the district court are AFFIRMED. Ellis's motions (1) to strike Carrollton's brief as non-responsive and (2) requesting that we take judicial notice of various statutes and state constitutional provisions are DENIED as moot.

---

[4] Ellis claims that Judge Beasley is not entitled to judicial immunity because he was not properly certified as a judge under Texas law. Both the Dallas Court of Criminal Appeals and the Fifth Judicial District Court at Dallas affirmed Judge Beasley's ruling as that of a valid court. Without any evidence from Ellis that this basic assumption was incorrect, we will not disturb that finding here.