IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40479
Summary Calendar
_____

BRIAN KEE MCPHERSON,

                                            Plaintiff-Appellant,

versus

JAMES W. MOSSBARGER; PETE ROMERO; E. BRAVO, Major,

                                            Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-46
--------------------
December 13, 2000

Before JOLLY, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:[1]

     Brian Kee McPherson, TDCJ #390173, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights suit as untimely.  McPherson alleged that the defendants were engaged in a conspiracy to retaliate against him for failing to cooperate in a drug investigation, that they denied him Due Process when they falsely accused him of escape, and that they retaliated against him by ordering him to work outdoors and by falsely convicting him of escape.  Liberally construed, McPherson's appellate argument is that the district court erred in applying the time bar because his

     [1]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retaliation claim did not arise until it was invalidated in compliance with Heck v. Humphrey, 512 U.S. 477 (1994). See Chriceol v. Phillips, 169 F.3d 313, 314 n.2 (5th Cir. 1999)(the claims of pro se appellants are liberally construed).

Under Heck, 512 U.S. at 486-87, McPherson could not have raised his claim challenging his escape conviction until his escape conviction had been invalidated because his claim called into question the validity of that conviction. The limitations period did not begin to run until the conviction was invalidated. See Hulsey v. Owens, 63 F.3d 354, 355 (5th Cir. 1995). McPherson's escape conviction was invalidated on October 10, 1997, and he filed the instant suit less than two years later. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993)(a federal court borrows the forum state's general personal injury limitations period because there is no federal statute of limitations for civil rights actions brought pursuant to § 1983); Tex. Civ. Prac. & Rem. Code § 16.003(a)(the applicable Texas limitations period is two years). Therefore, the claim based on the escape conviction is timely.

However, McPherson's claim based on the assignment to work in the fields is time-barred. The limitations period on the claim began to run at the time Mossbarger ordered McPherson to work in the fields. See Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995). Since the instant suit was filed more than two years after the order to work in the fields, it is untimely.

Accordingly, the judgment of the district court is AFFIRMED IN PART, VACATED IN PART and the case is REMANDED.