IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60742
Conference Calendar

_____

CATHERINE M. STARR,

                                        Plaintiff-Appellant,

versus

CITY OF HATTIESBURG; ALVIN EATON; JEFFERSON
B. STEWART,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:00-CV-97-PG
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Catherine Starr appeals the summary-judgment dismissal of

her pro se complaint, which the district court liberally

construed as arising under 42 U.S.C. § 1983.  Starr sued the City

of Hattiesburg, a code enforcement officer, and a municipal

judge, alleging that her rights under the Equal Protection Clause

of the Fourteenth Amendment were violated in connection with her

prosecution and conviction for having abandoned vehicles at her

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

home in violation of a city ordinance. The district court determined that the judge was absolutely immune from suit, and that Starr had failed to overcome the defendants' summary judgment evidence showing that she was not selectively prosecuted for the code violation.

The district court did not err in determining that the municipal judge who tried Starr was absolutely immune from suit. See Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995)(citing Nixon v. Fitzgerald, 457 U.S. 731, 745 (1982), in which the Supreme Court granted absolute immunity to judges in the performance of their judicial duties)).

For her remaining appellate arguments, Starr contends that the defendants' summary-judgment evidence was fabricated, that the district court was prejudiced and biased, and that the judgment amounts to fraud. Starr's arguments are conclusional and fantastic. Because Starr offered only conclusional assertions to counter the defendants' summary-judgment evidence, she did not meet her summary-judgment burden. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc) (nonmovant cannot satisfy summary-judgment burden with conclusional allegations or unsubstantiated assertions).

This appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th CIR. R. 42.2.