**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-11317
Summary Calendar

DAVID EARL HUNTER,

Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ, Director,
Executive Director Board of
Pardon and Parole; JACK KILLE,
Hearing Officer; PHILICA MITCHELL,
Hearing Officer,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1903-H

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

David Earl Hunter, Texas state prisoner #662417, proceeding

*pro se* and *in forma pauperis*, appeals the *sua sponte* dismissal of

his 42 U.S.C. § 1983 complaint brought against Victor Rodriguez, in

his official capacity as Executive Director of the Texas Board of

---

[1]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pardons and Paroles, and against Parole Hearing Officer Jack Kille and Supervising Parole Officer Philicia Mitchell. The district court, holding that Rodriguez was entitled to absolute immunity, dismissed Hunter's monetary claims against Rodriguez with prejudice, and dismissed Hunter's monetary claims against Kille and Mitchell without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The district court dismissed Hunter's claims for injunctive relief against all three defendants without prejudice to those claims being reasserted in a petition for habeas corpus. None of the defendants were served and none appeared. Hunter argues that the district court erroneously determined that the defendants were entitled to immunity because he had a constitutional right to counsel at his parole revocation hearing.

A district court's dismissal, under 28 U.S.C. § 1915(e)(2), of a prisoner's suit prior to service is reviewed for an abuse of discretion. *Boyd v. Biggers*, 31 F.3d 279, 282 (5th Cir. 1994). Whether a defendant possesses absolute immunity from suit, however, is a question of law that is reviewed *de novo*. *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990). Immunity is "a threshold question, to be resolved as early in the proceedings as possible." *Boyd*, 31 F.3d at 284. It is therefore "appropriate for the district court[] to resolve the question of absolute immunity before reaching the *Heck* analysis when feasible." *Id*.

Defendants Mitchell and Kille are entitled to absolute

2

immunity because they were participants in the decision to revoke Hunter's parole. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). To the extent that Rodriguez participated in the revocation decision, the district court also correctly concluded that Rodriguez is also entitled to absolute immunity. *Id*. Furthermore, even if Rodriguez did not participate in the decision to revoke Hunter's parole, Hunter's claim against him is barred under *Heck v. Humphrey*. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995). A dismissal of a claim for damages based on absolute immunity or pursuant to *Heck* is a dismissal with prejudice. *See Boyd*, 31 F.3d at 283-84, 285. A dismissal of a claim for injunctive relief may also be made pursuant to *Heck* and may be made without prejudice. *See Clarke v. Stalder*, 154 F.3d 186, 190–191 (5th Cir. 1998) (en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*). *Heck v. Humphrey* clearly extends to Hunter's request for injunctive relief based on his assertion that he was denied representation at his revocation hearing, and the district court, therefore, correctly dismissed Hunter's claim for injunctive relief without prejudice and correctly dismissed with prejudice Hunter's claim for damages against Rodriguez.

3

Hunter's remaining claim, his claim for damages against Mitchell and Kille, was also properly dismissed. However, a dismissal based on absolute immunity should generally be *with* prejudice. *Boyd*, 31 F.3d at 285. Indeed, "in *in forma pauperis* proceedings . . . dismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice." *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc). Of course, a district court that chooses to dismiss a prisoner's *in forma pauperis* claim as frivolous may also choose to make that dismissal without prejudice. *Id*. However, "[w]hen the trial court dismisses without prejudice it is expected that the court will assign reasons," and "[u]nexplained dismissals without prejudice will necessitate remand." *Id*. Neither the magistrate judge nor the district court provided reasons for the decision to dismiss without (rather than with) prejudice Hunter's claims for damages against Mitchell and Kille. Accordingly, we VACATE that portion of the order dismissing without prejudice Rodriguez's claim for damages against Mitchell and Kille, and REMAND for entry of an order of dismissal with prejudice. We AFFIRM that portion of the district court's order dismissing without prejudice Hunter's claim for injunctive relief and dismissing with prejudice Hunter's claim for damages against Rodriguez.

AFFIRMED in part, VACATED in part, and REMANDED.

4