United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20016
Conference Calendar

_____

MELVIN ALEXANDER PAYTON,

Plaintiff-Appellant,

versus

RISSIE OWENS, Chair-Woman, Board of Pardons and Paroles;
LINDA GARCIA, Board Member, Board of Pardons and Paroles;
LYNN RUZICKA, Board of Pardons and Paroles; CHARLES SPEIER,
Texas Parole Board Member, Individually and in their Official
Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-993
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Melvin Alexander Payton, Texas prisoner # 227125, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint
with prejudice as frivolous. See 28 U.S.C. § 1915A(b)(1).
Payton asserted that he had a liberty interest in his release on
parole, that the defendants refused to release him on parole, and
that the parole hearing was defective.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 06-20016
-2-

The district court did not abuse its discretion in dismissing Payton's complaint on the bases (1) that all defendants were immune from liability based on absolute immunity or Eleventh Amendment immunity, and (2) that Payton has no liberty interest in parole that is protected by the Due Process Clause. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

This appeal is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, it is dismissed. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Payton's lawsuit as frivolous constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Payton that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.