United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10450
Summary Calendar
_____


MICHAEL JAY WOODS,

                              Plaintiff-Appellant,

versus

KAREN CHAPMAN, Parole Supervisor; MERRY SIVADGE, Parole Officer;
BILL KING, Unit Supervisor; JUANETTA HAYES, Parole Officer;
LATITIA MURFF, Unit Supervisor; AYO FASARO, Parole Officer;
KAREN HARRIS, Parole Revocation Hearing Officer;
T. DUFFE, Program Administrator;
BRYAN COLLIER, Director, Parole Division;
GARY JOHNSON, Executive Director, TDCJ CID;
GERALD GARRETT, Chairman, Board of Pardons and Parole;
JOHN & JANE DOE, #1 and #2, Members of the Board of Pardons and
Parole;
ROY SCHULTZ, Assistant Regional Director, Parole Division;
ALLEN KAAJENA, Unit Supervisor;
LYNN BROWN, Member, Board of Pardons and Parole;
JUANITA GONZALEZ, Member, Board of Pardons and Parole;
ROBERT MULKAY, Former Assistant Region II Parole Division
Director,

                              Defendants-Appellees.


--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 4:04-CV-405
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Woods, a Texas prisoner, appeals the dismissal, pursuant to FED. R. CIV. P. 54(b), of some claims and defendants in his civil rights action brought under 42 U.S.C. § 1983. Woods alleges that defendants retaliated against him for his advocacy of reform of the Texas Department of Criminal Justice ("TDCJ"). The district court screened Woods's second amended complaint and a more definite statement of his claims and dismissed several claims and defendants pursuant to 28 U.S.C. §§ 1915 and 1915A.

A dismissal for failure to state a claim under § 1915(e)(2)(B) or § 1915A is reviewed under the same standard as is a dismissal under FED. R. CIV. P. 12(b)(6). Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Such a dismissal is reviewed de novo; all the plaintiff's allegations are accepted as true; and the dismissal will be upheld "if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Abraham v. Singh, 480 F.3d 351, 354 (5th Cir. 2007) (internal quotation marks and citation omitted); see FED. R. CIV. P. 12(b)(6). Whether a defendant enjoys absolute immunity is a legal question, reviewed de novo. Walter v. Torres, 917 F.2d 1379, 1383 (5th Cir. 1990). This court may affirm on any grounds apparent from the record, even on grounds not relied on by the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court.  Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 804 (5th Cir. 1997).

Citing the doctrine of absolute immunity, the district court dismissed all claims against parole officials arising from proceedings to revoke Woods's parole or to impose additional conditions of parole.  We need not decide whether particular conditions imposed on Woods were unlawful, because imposing those conditions was within the category of actions for which parole officials are absolutely immune from suits for damages.  See Cousin v. Small, 325 F.3d 627, 635 (5th Cir. 2003); Hulsey v. Owens, 63 F.3d 354, 356-57 (5th Cir. 1995); see also Coleman v. Dretke, 395 F.3d 216, 219, n.2 (5th Cir. 2004).

Woods correctly notes that absolute immunity does not protect the defendants from declaratory or injunctive relief. See Orellana v. Kyle, 65 F.3d 29, 33 (5th Cir. 1995).  The declaratory relief Woods seeks is, however, in essence just a challenge to his conditions of parole and thus is properly brought in a habeas corpus proceeding under 28 U.S.C. § 2254.  Coleman, 395 F.3d at 219, n.2. Accordingly, Woods states no viable claim for declaratory or injunctive relief under § 1983, regardless of the immunity of any parole official.

Woods contends that Parole Board Chairman Gerald Garrett is not absolutely immune, because he is an administrative policy maker who promulgated an unlawful policy of imposing electronic monitoring.  Although "executive officers who are responsible for promul-

gating the rules and policies governing [parole] proceedings are entitled only to qualified immunity," McGrew v. Tex. Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995), Woods's electronic monitoring claim rests on state law and is therefore not cognizable in a § 1983 action, see Wyatt v. Cole, 994 F.2d 1113, 1117-18 (5th Cir. 1993). Regardless of immunity, Woods fails to state a viable § 1983 claim regarding electronic monitoring.

Woods contends that Garrett is not immune because he is liable in his administrative capacity for promulgating a policy of arresting parolees without sufficient cause, for failing to train and supervise his employees so that they will protect parolees' due process rights, and for failing to establish proper procedures for the timely release of parolees. At bottom, Woods seeks to base liability solely on Garrett's supervisory role and his general, nonspecific failure to ensure that parolees' rights were not violated. "There is no vicarious or respondeat superior liability of supervisors under section 1983." Rios v. City of Del Rio, Tex., 444 F.3d 417, 425 (5th Cir. 2006). Woods has failed to support "his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).

Woods challenges the dismissal of his Count One claims as untimely under the Texas two-year limitation period that federal courts apply to § 1983 actions in Texas. See Owens v. Okure, 488 U.S. 235, 250 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)

(West 1999).  The § 1983 "limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  Jensen v. Snellings, 841 F.2d 600, 606 (5th Cir. 1988) (internal quotation marks and citation omitted). "A plaintiff who has learned of facts which would cause a reasonable person to inquire further must proceed with a reasonable and diligent investigation, and is charged with the knowledge of all facts such an investigation would have disclosed."  Id. at 607.

The allegations of Count One are based on an allegedly wrongful arrest and detention that occurred in February 2001, well beyond the limitation period for this action, which was filed in 2004.  The arrest placed Woods on notice to "proceed with a reasonable and diligent investigation" into the issuance of the warrant.  See Jensen, 841 F.2d at 606-07.  The claims based on the arrest and the warrant accrued beyond the limitation period.

Woods also asserts that he learned within the limitation period of a wrongful parole condition imposed by Regional Assistant Parole Division Director Robert Mulkay in February 2001.  We need not determine when this claim accrued, because Mulkay, like the rest of the parole officials, is protected by absolute immunity. His alleged wrongdoing arose from the exercise of the category of conduct in which parole officials are generally authorized to engage.  See Cousin, 325 F.3d at 635; Hulsey, 63 F.3d at 356-57.

Woods shows no reversible error in the dismissal of his Count One claims.

Woods alleges that he was subjected to unlawful conditions of confinement at the Baten Intermediate Sanction Facility ("Baten ISF") and the Tarrant County jail. He has waived appeal concerning claims arising at the jail by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Regardless of whether Woods exhausted his administrative remedies arising from having his hair cut short at the Baten ISF, he may not recover for his alleged emotional injuries, because he has not alleged any physical harm. See 28 U.S.C. § 1997e(e). Further, hair length and shaving re-quirements do not violate a prisoner's constitutional rights. Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995).

Woods contends that the district court erred by dismissing his claims under § 1915 and § 1915A because he had paid his full filing fee and was not proceeding in forma pauperis. Section 1915 pro-vides for dismissal at any time "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." § 1915(e)(2). Section 1915A likewise applies regardless of whether the prisoner has paid a filing fee or is proceeding in forma pauperis. § 1915A; Ruiz, 160 F.3d at 274. Woods's contention lacks arguable merit.

Woods has failed to show that the district court erred by dis-missing any claim or defendant under rule 54(b). The judgment is AFFIRMED.