# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50956
Summary Calendar

WAYNE ERNEST BARKER

Plaintiff-Appellant

v.

RISSIE OWENS, Chairwoman of the Texas Board of Pardons and Paroles;
LYNN RUZICKA, Parole Commissioner

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-94

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wayne Ernest Barker, Texas prisoner # 900987, has appealed the dismissal of his paid complaint against Rissie Owens, Chairman of the Texas Board of Pardons and Parole (Board), and Texas Parole Commissioner Lynn Ruzicka, challenging the Board's decision not to consider Barker for parole under the Texas Medically Recommended Intensive Supervision (MRIS) Statute, TEX. GOV'T CODE ANN. § 508.146, and he requests that we expedite his appeal. The motion to expedite the appeal is denied as moot.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To the extent that he has raised the issue on appeal, Barker's contention that defendants Owens and Ruzicka are not immune from monetary damages is meritless.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).  We agree with the district court that Barker's requests for declaratory and injunctive relief fail to state a claim for relief under FED. R. CIV. P. 12(b)(6).  As the decision whether to release an inmate to MRIS is entirely within the Board's discretion, Barker has no constitutionally protected interest in release.  See TEX. GOV'T CODE ANN. § 508.146; Allison v. Kyle, 66 F.3d 71, 73-74 (1995).  Barker's contention that the Board deviated from the procedural requirements of § 508.146 does not allege a constitutional violation because the "[m]ere failure to accord the procedural protections called for by state law or regulation does not of itself amount to a denial of due process."  Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995).

AFFIRMED; MOTION TO EXPEDITE APPEAL DENIED AS MOOT.