# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50295
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2015

Lyle W. Cayce
Clerk

JOEY SULA,

Plaintiff-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; RISSI L. OWENS,
Chairman of Parole Board, Individually and in her Official Capacity; JAMES
P. KIEL, JR., Parole Commissioner, Individually and in his Official Capacity;
JAMES HENSARLING, Parole Commissioner; FEDERICO RANGEL, Board
Member, Individually and in his Official Capacity; CONRITH DAVIS, Board
Member, Individually and in his Official Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-617

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Joey Sula, Texas prisoner # 1550164, appeals the dismissal of his pro se,

in forma pauperis, civil rights complaint filed pursuant to 42 U.S.C. § 1983.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-50295

Sula complained that the defendants unconstitutionally denied him release to mandatory supervision and that he was denied due process in connection with his mandatory-supervision hearings in 2012 and 2013.

Because Sula's complaint was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief, we review its dismissal de novo. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). The district court's dismissal of a claim seeking monetary damages against the defendants in their official capacities, a claim Sula asserts he did not raise, will be disregarded. *See* FED. R. CIV. P. 61.

Sula did not plausibly establish that the supervisory defendants were personally involved in the alleged constitutional violation or acted with deliberate indifference. *See Coleman, v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Further, to the extent Sula complained that the parole-officer defendants arbitrarily and capriciously denied his mandatory-supervision release, an adjudicative function, the parole-officer defendants enjoy absolute immunity. *See Hulsey v. Owens*, 63 F.3d 354, 356-57 (5th Cir. 1995).

The district court correctly dismissed Sula's claims, "no matter the relief sought," that challenged the denial of his release to mandatory supervision. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995) (applying *Heck v. Humphrey*, 512 U.S. 477 (1994), in a Texas prisoner's suit under § 1983 alleging illegal imprisonment based on the revocation of mandatory supervision). The district court correctly dismissed Sula's claims based on alleged due process violations during his 2012 and 2013 mandatory-supervision hearings because Sula did not plausibly establish that he was denied the requisite due process and thereby prejudiced. *See Greenholtz v.*

No. 14-50295

*Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 15-16 (1979); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).

As the district court properly dismissed Sula's federal claims, its decision to decline to exercise supplemental jurisdiction over his state-law claims was not an abuse of discretion. *See* 28 U.S.C. § 1367(c)(3); *Batiste v. Island Records Inc.*, 179 F.3d 217, 226 (5th Cir. 1999).

The judgment of the district court dismissing Sula's complaint is AFFIRMED. His motion for appointment of counsel is DENIED. *See Cooper v. Sheriff, Lubbock Cnty., Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991).