United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60118
Conference Calendar

_____

SHAWN BURTON,

Plaintiff-Appellant,

versus

CITY OF RIDGELAND MISSISSIPPI; DETECTIVE FRANK DILLARD;
OFFICER MICHAEL JAMES MAGAYHEE; COMMAND SERGEANTS JOHN DOE;
DIRECTOR OF INTERNAL AFFAIRS JOHN DOE; CHIEF OF POLICE JOHN
DOE; CITY MANAGER JOHN DOE; WITNESS ANITA WITTINGTON; CHIEF,
CITY OF RIDGELAND POLICE DEPARTMENT; CITY OF RIDGELAND POLICE
DEPARTMENT; CIVIL SERVICE COMMISSION, City of Ridgeland Police
Department; COMMAND SERGEANTS, City of Ridgeland Police
Department; DIRECTOR OF INTERNAL AFFAIRS DIVISION; MUNICIPLE
CORPORATION, organized under and pursuant to the Laws of the
State of Mississippi,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-293
---------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Shawn Burton, federal prisoner # 05736-043, appeals the

dismissal of his civil rights lawsuit for failure to state a

claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  As the district court

explained, Burton's claims that the defendants conspired to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violate his constitutional rights in obtaining his state court conviction are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), which held that a prisoner's lawsuit is barred whenever a judgment in the prisoner's favor would necessarily imply the invalidity of his conviction. Burton argues that the district court erred in dismissing his complaint with prejudice. In <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994), however, we squarely held that it was not error to dismiss a complaint pursuant to <u>Heck</u> with prejudice.

This appeal is without arguable merit and is thus frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. 5TH CIR. R. 42.2.

We caution Burton that both the district court's and this court's dismissals count as strikes for purposes of 28 U.S.C. § 1915(g). <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996). Once Burton accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.