# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2012

No. 11-10559
Summary Calendar

Lyle W. Cayce
Clerk

DAMON LEE WOOD,

Plaintiff - Appellant

v.

PARKER COUNTY, Governmental Unit; JUDGE GRAHAM QUESINBERRY; JUDGE JERRY BUCKNER; DEBRA YANIKO DUPONT; JUDGE MARK RILEY,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-826

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Damon Lee Wood, Texas prisoner # 00590030, proceeding *pro se*, appeals the 28 U.S.C. §§ 1915A and 1915(e)(2)(B) dismissal as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 action against Parker County, Texas, and four current and former judges of Parker County courts. Wood's action claimed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a constitutional violation in the execution of his mother's will. Review is *de novo. E.g., Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Wood challenges the district court's dismissal of his claims against the individual state-court judges, contending the judges were not entitled to judicial immunity. He does not brief claims seeking to have reopened other trust cases adjudicated by the judges or his claims against Parker County; those claims are, therefore, deemed abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Judicial officers are entitled to absolute immunity from suit in § 1983 actions arising from the exercise of their judicial functions. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Immunity may be overcome by showing: the disputed acts were not judicial in nature; or, if judicial in nature, were performed in the complete absence of jurisdiction. *Id.*

Wood's assertion that the judges' actions were nonjudicial in nature is without merit. His complaint makes plain that he seeks recovery for decisions regarding the transfer and retention of his case during probate proceedings, acts which are usually performed by judges, and he fails to allege the judges acted in any role other than their judicial one.

Also unavailing is Wood's assertion that the judges acted in the clear absence of all jurisdiction. Where judicial immunity is concerned, "the scope of the judge's jurisdiction must be construed broadly. . . . A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction". *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted).

Upon Wood's motion to transfer, the constitutional county court judge was required by state law to transfer his case; the judge thus acted within the scope of the court's jurisdiction and is entitled to judicial immunity. Similarly, the judges of the county court at law are entitled to immunity because they did not

act in clear absence of all jurisdiction, despite the state appellate court later determining the county court lacked subject matter jurisdiction over the testamentary trust issues presented. *See Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995) (inquiry "is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power").

The district court's judgment is AFFIRMED. Its dismissal of Wood's § 1983 complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *E.g.*, *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). Wood is CAUTIONED that, if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).