# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20687

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2017

**Lyle W. Cayce**
Clerk

OVERILLE DENTON THOMPSON, JR.,

Plaintiff-Appellant

v.

SUSAN BROWN,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3025

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Overille Denton Thompson, Jr., Texas prisoner #02425321, moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 action. The district court dismissed Thompson's complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

By moving to proceed IFP, Thompson is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20687

117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Thompson argues that he was unlawfully confined because Judge Susan Brown refused to obey a writ of habeas corpus and that Judge Brown deprived him of the opportunity to full and fair litigation.  He also contends that Judge Brown was not entitled to judicial immunity.

A judge is absolutely immune from a suit for damages except for actions not taken in a judicial capacity or actions taken in the absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  In other words, a trial judge enjoys absolute immunity for actions taken in the course of his judicial function unless they were nonjudicial or performed with no jurisdiction.  *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).  The district court did not err in determining that Judge Brown was entitled to absolute judicial immunity. *See Boyd*, 31 F.3d at 284-85; *Mireles*, 502 U.S. at 11-12.  Thompson therefore has not shown that he will raise a nonfrivolous issue on appeal.  Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  In addition, Thompson accumulated two other strikes in *Thompson v. Nicholas*, No. 4:15-cv-03020 (S.D. Tex. Oct. 15, 2015) and *Thompson v. Anderson*, No. 4:15-cv-03019 (S.D. Tex. Oct. 15, 2015).  Thus, Thompson has now accumulated at least three strikes.  Thompson therefore is barred from proceeding IFP in any civil action

No. 15-20687

or appeal while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED: APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.