# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11385

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2019

Lyle W. Cayce
Clerk

MARK DEWAYNE HALLCY,

Plaintiff-Appellant

v.

KEN PAXTON, Attorney General; HAROLD KING, County Commissioner; DAVID MULL, Sheriff; DANAH ZIRPOLI, Assistant District Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CV-101

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Mark Dewayne Hallcy, Texas prisoner # 2149848, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Hale County Sheriff David Mull, Assistant District Attorney Danah Zirpoli, Attorney General Ken Paxton, and County Commissioner Harold King, alleging that the defendants unconstitutionally lengthened his pre-indictment confinement. He moves this court for leave to proceed in forma pauperis (IFP). By moving to proceed IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in this court, Hallcy challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To proceed IFP, Hallcy must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," the court may deny the IFP motion and dismiss the appeal *sua sponte* if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

First, a defendant cannot be held liable under § 1983 on a theory of vicarious liability, including *respondeat superior*. *Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979). Instead, a plaintiff must allege some personal involvement on the part of each individual defendant, or at least show how some acts by each were causally connected to a constitutional violation. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). In his complaint and in the instant motion, Hallcy did not allege any personal involvement by Mull, Paxton, and King, the supervisory officials. Therefore, he has not demonstrated any legal issues arguable on the merits with respect to their liability. *See Howard*, 707 F.2d at 220.

Second, criminal prosecutors like Zirpoli are entitled to absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and

in carrying the case through the judicial process." *Boyd*, 31 F.3d at 285. Thus, Hallcy's arguments that Zirpoli is liable for not dismissing the charges or allowing his release from confinement at an earlier date are frivolous. *See id.*

Thus, Hallcy failed to raise any legal issues arguable on their merits. Accordingly, his motion for leave to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Hallcy's § 1983 complaint as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Hallcy previously had another of his § 1983 complaints dismissed as frivolous, *Hallcy v. Coughlin*, No. 5:16-CV-252 (N.D. Tex. June 29, 2017), and this court dismissed that appeal of that judgment as frivolous as well, *Hallcy v. Coughlin*, 721 F. App'x 378, 379 (5th Cir. 2018). Because he has now accumulated at least three strikes, Hallcy is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.