# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10314
Summary Calendar

———————

GWENDOLYN D. GABRIEL; BARBARA J. GABRIEL; REGINA
BROWN; BRITTNY WASHINGTON; KENNETH J. GABRIEL,

*Plaintiffs—Appellants*,

*versus*

MERRY OUTLAW; BRIDGETT ZOLTOWSKI; JUDGE TONYA
PARKER; JOHN NATION; LORENZO BROWN; JOHN FRICK,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-60

_____

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Gwendolyn D. Gabriel, Barbara J. Gabriel, Regina Brown, Brittny
Washington, and Kenneth J. Gabriel (collectively, "Plaintiffs") filed suit in
the district court pursuant to the Racketeer Influenced and Corrupt
Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, against Merry

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10314

Outlaw, Bridgett Zoltowski, Judge Tonya Parker, John Nation, Lorenzo Brown, and John Frick (collectively, "Defendants"). The district court dismissed the claims of Regina Brown, Barbara Gabriel, Kenneth Gabriel, and Brittny Washington without prejudice for lack of subject matter jurisdiction. The court dismissed Gwendolyn Gabriel's claims seeking non-monetary relief for lack of subject matter jurisdiction and dismissed her claims seeking monetary relief for failure to state a claim. Plaintiffs timely appealed.

We review *de novo* the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The district court adopted the recommendation of the magistrate judge ("MJ") to dismiss the claims of all Plaintiffs except Gwendolyn Gabriel for lack of standing. The MJ's implicit finding that Gwendolyn Gabriel had established Article III standing was correct, *see Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014), so the district court should not have dismissed the case in part for lack of standing, *see Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n.9 (stating that when at least one plaintiff has demonstrated standing, the court need not consider whether the other plaintiffs also have standing).

The district court also adopted the MJ's ruling that Plaintiffs' claims were barred by the *Rooker-Feldman* doctrine insofar as they sought an order that would void specific state court judgments and another order requiring the Defendants to remove notices of lis pendens that they had placed on identified properties. The *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). That doctrine

No. 22-10314

does not apply to individuals who were not parties to the underlying state-court proceeding. *Lance v. Dennis*, 546 U.S. 459, 464 (2006). Because Gwendolyn Gabriel and Regina Brown are the only plaintiffs who were parties to the state-court litigation at issue, here, the *Rooker-Feldman* doctrine bars only their claims—and then only to the extent that they seek "relief that directly attacks the validity of an existing state court judgment." *Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011). We therefore affirm the district court's dismissal for lack of subject matter jurisdiction only as to the claims of Gwendolyn Gabriel and Regina Brown seeking reversal of the state court judgments. We also modify the district court's judgment to reflect that these claims are dismissed without prejudice.

Applying *de novo* review, *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018), we also affirm the dismissal of the remainder of the Plaintiffs' claims for their failures to state claims under Rule 12(b)(6), albeit for slightly different reasons than those expressed by the district court, *see Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("this Court may affirm on any basis supported by the record.").

"[A]ny RICO claim necessitates 1) a *person* who engages in 2) a *pattern of racketeering activity*, 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995) (citation omitted). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). A plaintiff must plead the elements of the criminal offenses that constitute the predicate acts, *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989), and must show that the alleged racketeering activity was both the "but for" and proximate cause of the injury to his business or property, *Holmes v. Sec. Inv. Prot. Corp*, 503 U.S. 258, 268 (1992).

No. 22-10314

The Plaintiffs' claims against Nation and Frick amount to complaints about their actions as attorneys in the underlying state court proceedings and cannot form the basis for civil RICO liability. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016). The Plaintiffs' claims against Judge Parker arise out of acts performed in the exercise of her judicial function and are therefore barred by judicial immunity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

With regard to Outlaw, Plaintiffs have not shown that her asserted predicate RICO acts "constitute or threaten long-term criminal activity," since all of her alleged wrongful acts were taken as part of her defense of the underlying state lawsuit, which has now ended. *In re Burzynski*, 989 F.2d 733, 742–43 (5th Cir. 1993). Further, Gwendolyn Gabriel has not pleaded facts sufficient to state a sexual harassment or retaliation claim against Outlaw under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

With respect to Zoltowski, the Plaintiffs have not demonstrated that her alleged attempt to bribe a witness in the state court via a settlement offer was a "but for" or proximate cause of any injury to their business or property. *See Holmes*, 503 U.S. at 268. Plaintiffs have also failed to state a RICO claim against Lorenzo Brown predicated on his alleged fraud because they have failed to plead the required elements of any type of fraud that is recognized as a RICO predicate act. *See* 18 U.S.C. § 1961(1); *Elliot*, 867 F.2d at 880. Neither has Gwendolyn Gabriel pleaded any facts that could form the basis of a sexual harassment or retaliation claim against Lorenzo Brown under Title VII. *See Iqbal*, 556 U.S. at 677–78.

No. 22-10314

Insofar as Plaintiffs challenge the district court's decision to issue a sanction warning, they have abandoned any such challenge by their failure to brief it on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

In light of the foregoing, we MODIFY the district court's judgment to reflect dismissal of Gwendolyn Gabriel's and Regina Brown's claims without prejudice to the extent they sought reversal of the state court judgments, and we AFFIRM that judgment as thus MODIFIED.