# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40468
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

Reginald L. Gross,

*Plaintiff—Appellant*,

*versus*

Stephen J. Cox; Michelle S. Englade; Johnathan Clay
Lee; Mark Terry,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CV-279

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Proceeding pro se and in forma pauperis, Reginald L. Gross, federal prisoner #94089-379, filed this lawsuit against U.S. Attorney for the Eastern District of Texas Stephen J. Cox, Assistant U.S. Attorneys Michelle S. Englade and Johnathan Clay Lee, and Drug Enforcement Administration Agent Mark Terry. The district court dismissed the complaint as seeking

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

damages from defendants who are immune from suit and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B) (In an in forma pauperis proceeding, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief").

On appeal, Gross renews his argument that Cox, Englade, and Lee wrongly initiated and pursued criminal charges against him without probable cause, wrongly detained him while awaiting trial, and wrongly suppressed discovery. He also argues, for the first time, that the magistrate judge and district court judge ought to have recused themselves in this case because they presided over Gross's prior criminal proceedings.

The district court correctly held that Gross's claims against Cox, Englade, and Lee are barred by absolute prosecutorial immunity. *See Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) ("A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process." (internal quotations omitted)); *see also Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."). Gross has not alleged facts sufficient to strip them of such immunity. *See Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (dismissing as barred by prosecutorial immunity claims that federal prosecutors wrongfully initiated charges). Because the district court's dismissal of the claims against Cox, Englade, and Lee on immunity grounds under § 1915(e)(2)(B) was proper, we need not address Gross's other complaints that he had standing, was entitled to a default judgment, and was entitled to a jury trial.

Gross's argument that the district court judge and magistrate judge should have recused likewise fails. Because Gross did not file a motion to recuse in the district court or otherwise assert any claim of conflict or bias, his recusal argument is forfeited. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court."); *see also Andrade v. Chojnacki,* 338 F.3d 448, 454 (5th Cir. 2003) (addressing recusal where motion to recuse had been filed below).

Gross's claims against Agent Terry are also forfeited. Even if we construe his brief liberally, Gross has not argued on appeal that Agent Terry violated his Fourth Amendment rights or failed to collect wiretap evidence properly. *See Rollins*, 8 F.4th at 397 ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal."); *see also Longoria v. Dretke,* 507 F.3d 898, 901 (5th Cir. 2007) ("Although we liberally construe pro se briefs, such litigants must still brief contentions in order to preserve them.").

Accordingly, the district court's judgment is AFFIRMED.

The district court's dismissal of Gross's lawsuit on the grounds that it fails to state a claim for which relief may be granted counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Gross is WARNED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).